**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| (1) UNITED STATES EQUAL<br>    EMPLOYMENT OPPORTUNITY<br>    COMMISSION | ) <br> ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) <br> ) | |
| (2) TERRY FITZGERALD,<br>(3) SUSAN SOLIS, and<br>(4) ALISHA WILLIAMS, | ) <br> ) <br> ) <br> ) | |
| Plaintiff Intervenors, | ) <br> ) | Case No. CIV-04-1078-M |
| vs. | ) <br> ) <br> ) | |
| (1) WESTPHALEN INSURANCE<br>       SERVICES, INC., and<br>(2) GARY WESTPHALEN,<br>       Individually, | ) <br> ) <br> ) <br> ) <br> ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is defendants Westphalen Insurance Services, Inc.'s and Gary Westphalen's *Motion to Dismiss Claims of Plaintiff Intervenors for Failure to State a Claim Upon Which Relief Can Be Granted and Brief in Support*. Defendants move this Court for an Order dismissing Plaintiff Intervenors' claims based on Title VII violations and Oklahoma employment practices against defendant Gary Westphalen, individually, and claims against defendant Westphalen Insurance Services, Inc. ("Corporation") under Oklahoma law based on intentional tort violations claimed to have been committed by Mr. Westphalen. Defendants assert such claims fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

The standard of review for motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is well established.  Courts must accept as true all well-pleaded facts and view those facts in the light most favorable to the non-moving party.  Sutton v. Utah State Sch. for Deaf and Blind,173 F.3d 1226, 1236 (10th Cir. 1999).  "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

Plaintiff Intervenors admit in their response that defendant Gary Westphalen, individually, is not a proper Title VII or state law discrimination defendant. (See *Plaintiff Intervenors Response to Defendants' Motion to Dismiss Under Rule 12(B)(6)*, pp. 2-3, 7.)  As personal capacity suits against individual supervisors are not appropriate under Title VII, Defendants' Motion to Dismiss regarding Gary Westphalen, individually, is granted as to claims 1-7 and claim 10 of the Plaintiff Intervenors' *Complaint*. See Haynes v. Williams, 88 F.3d 898, 901 (10th Cir. 1996).

Defendants next move for dismissal of Plaintiff Intervenors' eighth and ninth causes of action - assault and battery and intentional infliction of emotional distress, respectively - against defendant Corporation on the grounds that under Oklahoma law it cannot be held vicariously liable for the intentional torts claimed to have been committed by its employee Mr. Westphalen, as the alleged conduct cannot be viewed to further the employer's interest.

> The common-law doctrine of respondeat superior makes an employer vicariously liable for the acts or omissions of an employee acting within the scope of his employment. If the employee's offending conduct may be viewed as willful, an employer cannot be held vicariously liable unless its employee's act is found to have been "incidental to and in furtherance of" its business.  Except in cases where only one reasonable conclusion can be drawn from the facts, the question whether an employee has acted within the scope of employment at any given time is generally one for the trier of fact.

Baker v. Saint Francis Hosp., 2005 WL 1244580, *2 (Okla.) (footnotes omitted).

The Court is cognizant from the identity of names and from the Plaintiff Intervenor's assertions of the various potential relationships between the defendants, and, therefore, the existence of factual questions not only regarding that relationship, but also as to scope of employment and the nature of the alleged improper acts.   The existence of these factual questions, therefore, precludes dismissing the state law claims against defendant Corporation.

THEREFORE, Defendants' *Motion to Dismiss Claims of Plaintiff Intervenors for Failure to State a Claim Upon Which Relief Can Be Granted and Brief in Support* (Dkt. No. 21) is GRANTED in part and DENIED in part.  Defendants' *Motion* as to Gary Westphalen, individually, is GRANTED as to Causes of Action numbered One through Seven (1-7) and Ten (10) of the Plaintiff Intervenor's *Complaint*.  Defendants' Motion is DENIED as to Plaintiff Intervenors' claims against Westphalen Insurance Services, Inc. contained in Causes of Action numbered Eight (8) and Nine (9) of Plaintiff Intervenor's *Complaint*.

**IT IS SO ORDERED this 8th day of June, 2005.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE