### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>)<br>) |
| TERRY FITZGERALD, SUSAN SOLIS, and ALISHA WILLIAMS, | )<br>)<br>)<br>) |
| Plaintiff Intervenors, | )<br>) |
| vs. | )   Case No. CIV-04-1078-M<br>) |
| WESTPHALEN INSURANCE SERVICES, INC., and GARY WESTPHALEN, Individually, | )<br>)<br>)<br>) |
| Defendants. | ) |

**ORDER**

Before the Court is defendants' Motion to Enter Proposed Protective Order, filed October 31, 2005. On November 8, 2005, plaintiff United States Equal Employment Opportunity Commission ("EEOC") filed its response, and on December 2, 2005, defendants filed their reply. Based upon the parties' submissions, the Court makes its determination.

I.   Introduction

On August 31, 2004, the EEOC filed the instant action against defendant Westphalen Insurance Services, Inc. ("Westphalen") alleging that Westphalen violated Title VII when it subjected Terry Fitzgerald, Susan Solis, and Alisha Williams to sexual harassment, retaliation, and constructive discharge. Ms. Fitzgerald, Ms. Solis, and Ms. Williams intervened as plaintiffs and added Gary Westphalen as a defendant.

The EEOC issued written discovery to Westphalen. Included in this discovery was request

for production no. 2, which sought the production of the complete personnel and payroll files of numerous employees and former employees of Westphalen. Additionally, in request for production no. 25, the EEOC sought production of "all annual reports, profit and loss statements, federal income tax returns and other financial statements for [Westphalen] showing the company's income, revenues, net worth or assets and liabilities during the year 1999 to present." Defendants' counsel advised counsel for the EEOC and plaintiff intervenors that it would be willing to produce the documents requested in request for production nos. 2 and 25 if the EEOC and plaintiff intervenors agreed to maintain the confidentiality of those documents through the provisions of a protective order. The EEOC and defendants, however, could not agree on the provisions of the protective order, and defendants now move this Court to enter their proposed protective order.[1]

II.   Discussion

Having carefully reviewed the parties' submissions, it appears there are four issues on which the parties cannot reach an agreement: (1) whether all witnesses or only expert witnesses can view the produced materials; (2) whether persons who have access to the produced materials should sign an affidavit regarding said access; (3) whether the EEOC should be required to return to defendants all of the produced materials, including any copies made; and (4) what the scope of the Court's oversight of the protective order should be.

First, in its proposed protective order, the EEOC allows the documents at issue to be

---

[1] In its response, the EEOC asserts that defendants cannot meet their burden of proof to show entitlement to a protective order. Having carefully reviewed the parties' correspondence attached to defendants' motion, the Court finds that the parties had previously agreed to the entry of a protective order; they simply could not agree on the terms. Because the parties had previously agreed to a protective order, the Court will not address the EEOC's belated argument that defendants are not entitled to a protective order. The Court would further note that based upon the types of documents which are the subject of the requests for production, a protective order is warranted.

disseminated to all witnesses in connection with preparation for their testimony or for use during the taking of their deposition or testimony at trial.  Defendants object to the documents being disseminated to all witnesses and contend that there are no grounds for the dissemination of these documents to lay witnesses and that the dissemination of the documents should be limited to expert witnesses.  Having reviewed the parties' submissions, the Court finds that the dissemination of the documents should be limited to expert witnesses.

Second, in their proposed protective order, defendants require all persons who have access to the documents at issue to execute an affidavit.  The EEOC objects to this requirement and contends that it is overly broad and that it does not have the authority to sign an affidavit on behalf of its employees regarding the disposition of the documents.  Upon review of the parties' submissions, the Court finds that all persons who have access to the documents at issue, with the exception of the parties' attorneys and their staff, should be required to execute an affidavit that the individual is aware of the protective order and has complied with its provisions.

Third, in their proposed protective order, defendants require the return of the original and all copies of the documents at issue at the conclusion of the litigation.  The EEOC asserts that once it obtains the documents, they become a part of the official EEOC litigation file, and it is bound by federal regulations to retain said documents.  Having carefully reviewed the parties' submissions, the Court finds that all originals and copies of the documents at issue should be returned to defendants at the conclusion of the litigation, with the exception of those documents that have become a part of the official EEOC litigation file, and those documents shall be retained in accordance with applicable federal regulations.

Finally, the last provision of defendants' proposed protective order provides:

> The terms of this Stipulation and Protective Order shall remain fully active until released by written consent of Defendants. The Court shall retain jurisdiction over the parties, this Stipulation and Protective Order, and recipients of confidential documents and materials, for the sole purpose of enforcing this Stipulation and Protective Order and adjudicating claims of breaches thereof and administering damages and other remedies related thereto. The provisions of this Stipulation and Protective Order shall continue to be binding as to the confidential information and/or documents produced pursuant to it.

Stipulation and Protective Order Re Confidentiality of Information and Documents at ¶ 12, attached as Exhibit A to defendants' Motion to Enter Proposed Protective Order. The EEOC objects to this language as overly broad and proposes the following language: "The Court shall retain jurisdiction over this order and may enforce same in accordance with applicable federal law." Upon review of the parties' submissions, the Court finds that the EEOC's proposed language should be used.

III.     Conclusion

Accordingly, the Court GRANTS defendants' Motion to Enter Proposed Protective Order [docket no. 57], modified as set forth above.

**IT IS SO ORDERED this 18th day of January, 2006.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE